**147 So. 59**

### FRANKEL v. BELLAMORE.

#### No. 31971.

Feb. 27, 1933.

Rehearing Denied March 27, 1933.

O. H. Dabezies and Henry W. Robinson, both of New Orleans, for appellant Nicholas Bellamore.

Pomes & McCabe, of New Orleans, for appellants Robert Werk et al.

Monroe & Lemann and Walter J. Suthon, Jr., all of New Orleans, for appellee.

BRUNOT, Justice.

Albert J. P. Lapeyre was owner of the property Nos. 707–709 Canal street, New Orleans. On August 5, 1918, he leased the property to N. Bellamore for a term of ten years commencing October 1, 1919. The lease contains the following provision:

"As a further consideration for the granting of this lease, Lessee agrees that if, during the term of this lease, the taxes, whether State, Parish, City, School, Levee, assessed or levied against the leased property, or their

owner as such, shall in the aggregate amount in or for any one year to more than Twenty Four Hundred and Sixty (2460) Dollars, (being the taxes for 1917), Lessee shall pay Lessor, on the latter's demand, the amount of such excess, except that for the year 1919, Lessee shall pay only ¼ of said excess taxes, and for the year 1929, ¾ only of said excess. Such excess taxes shall be considered as additional rent agreed to be paid by Lessee, entitled to all the privileges accorded by law to secure the payment of the rent."

The plaintiff acquired the property from the heirs of Albert J. P. Lapeyre, deceased, on December 8, 1928, together with an assignment of the aforesaid lease and all of the lessor's rights thereunder.

This suit is for the taxes paid on the leased premises during the term of the lease in excess of $2,460 per annum. The sum claimed is $4,138.62, together with interest at the rate of 8 per cent. per annum on $692.91 thereof from July 6, 1928, like interest upon $296.46 thereof from January 2, 1929, like interest upon $2,286.90 thereof from August 2, 1929, and like interest upon $889.35, from judicial demand, and 10 per cent. additional on the amount of said principal and interest as attorney's fees.

The defendant excepted to the suit on the ground of nonjoinder of proper parties. The exception was overruled and defendant filed his answer.

. It is alleged in the answer that the demand for the excess taxes is an unliquidated claim and only legal interest is due thereon from date of judgment; that in the suit of Leopold Jansen v. Nicholas Bellamore et al., 147 La. 900, 86 So. 324, Leopold Jansen was decreed to be a co-owner of the lease; that the surviving widow and daughter of Leopold Jansen, deceased, both femmes sole, were recognized as the widow in community and heir of the deceased, respectively, and, as such, sent into possession of his estate which consisted, in part, of a half interest in said lease; that the widow and heir of the deceased assigned their interest in the lease to Julius Levy and Theodore Liberman, and Robert Werk became a party to said assignment as the guarantor of the obligations of Julius Levy and Theodore Liberman therein.

Defendant calls the Jansens, their assignees of the lease, and the guarantor of the assignees' obligations under the lease, in warranty, and prays for judgment against them, in solido, for the sum of such judgment as may be rendered against him in excess of one-half of the total amount found to be due the plaintiff. Julius Levy having died in the meantime, citation was served upon his heirs. At the instance of plaintiff, a rule upon the defendant to show cause why his call in warranty should not be stricken from the answer, and the order issued thereon rescinded, was served, heard, and dismissed.

Mrs. Leopold Jansen and Miss Leona Jansen answered the defendant's call in warranty, and themselves called the assignees of their interest in the lease and the guarantor of the assignees' obligations under the lease, in warranty.

Robert Werk also answered defendant's call in warranty, and he calls N. Bellamore, Inc., in warranty as sublessee of the second, third, and fourth floors of the leased premises, and, with respect thereto, he prays

for such judgment against that corporation as may be rendered against him. The case was tried on the issues stated.

All of the terms of the original lease were complied with except the provision requiring payment of the taxes assessed against the leased premises in excess of the taxes for the year 1917. The trial judge correctly found that the decision in the Jansen-Bellamore Case, mentioned supra, did not affect the right of the assignee of the lease to recover the total sum due under it, from the lessee named therein. At the confection of the lease excess taxes were problematical; at least uncertain as to amount. Therefore, the judge correctly held that the stipulation in the lease for conventional interest and attorney's fees applies only to rental, and not to the unliquidated claim for excess taxes, but he properly allowed legal interest on the sum of the judgment from judicial demand, doubtless for the reason that the judgment is for the exact sum claimed; otherwise interest on the sum awarded would run from the date of judgment.

We have read the record carefully and find that, in our opinion, the trial judge, in his written reasons for judgment, has correctly disposed of the decisive issues of the case. The judgment appealed from is in favor of the plaintiff and against the defendant for the sum claimed in the petition, with 5 per cent. per annum interest thereon from December 20, 1929, the date of judicial demand, plus 10 per cent. upon said sum and interest as attorney's fees and costs. The decrees, with respect to the rights of the defendant, the warrantors, and the guarantor, are as follows:

"It is further ordered, adjudged and decreed that there be judgment in favor of Nicholas Bellamore and against Mrs. Leopold Jansen, Miss Leona Jansen, Theodore Liberman, Succession of Julius Levy (deceased) and Robert Werk, warrantors, in the proportions hereinafter set forth, in the full sum of Two Thousand, Sixty-nine and 31/100 Dollars ($2,069.31) together with interest thereon at the rate of five per cent. (5%) per annum from December 20th, 1929, until paid, plus ten per cent. (10%) upon the total amount of said principal and interest as attorney's fees, and all costs of court, the said Robert Werk to be liable for the entire amount of the said judgment against him and in favor of Nicholas Bellamore, and the said Mrs. Leopold Jansen, Miss Leona Jansen, Theodore Liberman, and Succession of Julius Levy (deceased) to be each liable hereunder for not more than one-half of the amount of said judgment against them and in favor of Nicholas Bellamore.

"It is further ordered, adjudged and decreed, that the payment or satisfaction of the aforesaid judgment in favor of Nicholas Bellamore by Theodore Liberman, Succession of Julius Levy (deceased) and/or Robert Werk shall operate as a discharge and cancellation of said judgment as against Mrs. Leopold Jansen and Miss Leona Jansen."

It was further decreed that if Mrs. Jansen and her daughter, or either of them, pay the whole or any part of the judgment in favor of N. Bellamore, they or she shall be subrogated to his rights to the extent of the payment so made; and that Theodore Liberman, Succession of Julius Levy, deceased, and Robert Werk have judgment

against N. Bellamore, Inc., warrantor, in the full sum of $931.18, with interest thereon at the rate of 5 per cent. per annum from judicial demand, and 10 per cent. additional on the sum of said principal and interest, as attorney's fees and costs.

We have read the record and have carefully considered the testimony. Our conclusion is that the trial judge has a clear conception of the facts, and that he has correctly applied the law to the facts of the case.

For the reasons assigned, the judgment appealed from is affirmed. Inasmuch as the defendant, all of the warrantors, and the guarantor of the assignees of the Jansen right of occupancy, unsuccessfully prosecuted appeals from the judgment, the costs of the appeal should be paid by the several appellants in equal proportions, and it is so ordered.

ST. PAUL, J., absent on account of illness, takes no part.