O’NIELL, Chief Justice.
 

 This is a sequel of the case of Frankel v. Bellamore, 176 La. 1001, 147 So. 59. In that case the owner of a building, No. 707-709 Canal street, in New Orleans, sued the lessee, Bellamore, for excess taxes paid by the owner, under a stipulation in the lease that all taxes over a stated sum should be paid by the lessee as, additional rent. In a previous lawsuit, Jansen v. Bellamore, 147 La. 900, 86 So. 324, Leopold Jansen was decreed to be a colessee. He died, and his widow and daughter became the owners of his interest in the lease, and were so recognized by a judgment of court. They (the widow and daughter of Jansen) assigned their half interest in the lease to Julius Levy and Theodore Liberman; and Robert Werk signed the deed as surety for Levy & Liberman, or guarantor that they would fulfill their part of the obligations of the lease.
 

 Bellamore, therefore, in the suit of Frankel v. Bellamore, called the widow and daughter of Jansen, and Levy and Liberman, and Werk, in warranty, and prayed that whatever judgment might be rendered against him and in favor of Frankel should be rendered against the alleged warrantors in solido, in his (Bellamore’s) favor. The widow and daughter of Jansen set up a similar call in warranty against Levy & Liberman and Werk. Werk called in warranty a corporation styled N. Bellamore, Inc., which was alleged to be an alter ego of Nicholas Bellamore, and which corporation was the sublessee of the second, third and fourth floors of the leased premises, from N. Bellamore, Julius Levy and Theodore Liberman. It appears that, in the sublease to N. Bellamore, Inc., to which Nicholas Bellamore was a party, the corporation assumed the obligation to pay a proportionate share of the excess taxes, as rent, if any should be due to the owner of the building.
 

 In Frankel v. Bellamore, Frankel obtained a judgment against Bellamore for the excess rent sued for, $4,138.62, and Bellamore obtained a judgment against the widow and daughter of Jansen and against the succession of Levy (he having died), and against Liberman and Werk for $2,069.31, the liability of Werk being for the whole sum, and the liability of each of the other warrantors being for half of that sum. It was also decreed that a payment or satisfaction of the judgment in favor of Bellamore by Liberman or the succession of Levy, or by Werk, would cancel the judgment- against the widow and daughter of Jansen. It was decreed also that, if Mrs. Jansen or her daughter, or either of them, should pay the judgment in favor of Bellamore, they should be subrogated to the judgment against Liberman, the succession of Levy, and Werk; and they were given a judgment against N. Bellamore, Inc., as warrantor, for $931.18.
 

 
 *371
 
 On appeal the judgment rendered in Frankel v. Bellamore was affirmed. The present suit is brought by Bellamore against all of the parties who were called in warranty in the suit of Frankel v. Bellamore. The plaintiff claimed here $2,233, being half of the excess rent paid by Bellamore to Frankel for years subsequent to the years for which the rent was claimed in Frankel v. Bellamore. Bellamore claims also $199.71, alleged to be half of the cost of repairs made to the premises and paid for by Bellamore. The judge who tried this case gave judgment in favor of Bellamore and against the firm of Levy & Liberman, and! the members thereof, and against Werk, all in solido, for $1,289.71, with legal interest from judicial demand. It appears that the reason why the judgment was rendered in that way, instead of being rendered, first, against Mrs. Jansen and her daughter, and Levy and Liberman and Werk, and then in favor of Mrs. Jansen and against Levy & Liberman and Werk, and then in their favor and against N. Bellamore, Inc., was that N. Bellamore, the plaintiff in this suit, was a party to the contract by which N. Bellamore, Inc., assumed all responsibility for three floors of the building. However that may be, there is no complaint about the judgment in that respect because Werk is thoroughly responsible, financially, and all parties are satisfied with Bellamore’s having the judgment against Werk & Liberman and the succession of Levy, in solido. All parties to the suit have appealed, their complaint having reference to the amount of the judgment; but, since the rendering of the judgment in Frankel v. Bellamore, all complaints in the present appeal have been abandoned, virtually, except Bellamore’s complaint that his claim for $199.71 for repairs was rejected. It is conceded that the judgment now appealed from is in accord with the judgment rendered in Frankel v. Bellamore, in which all of the parties to this suit were parties, defendants or warrantors.
 

 Referring now to Bellamore’s claim for $199.71 for repairs, it appears that, when his attorney, questioning him as a witness, showed him the itemized account of these charges, the account was referred to by both the attorney and Bellamore as being for $135.71. Bellamore’s attorney contends that there was a mistake in making up the transcript, and that the figures should have been $199.71; but we find that the itemized account annexed to Bellamore’s petition is for $135.69, and that by an error in the addition the sum appears to be $135.71. There is hardly any doubt, therefore, that the amount of the itemized account which the attorney showed to Bellamore on the witness stand, and which he approved, was, according to the error in addition, $135.71, as stated by the attorney in questioning Bellamore. The account was not proved by any other evidence than the testimony of Bellamore; and his memory with reference to the several items was not at all satisfying. The judge rejected the claim. Our opinion is that the judgment in that respect should have been a judgment of nonsuit.
 

 The judgment appealed from is amended so as to make the rejection of the plaintiff’s demand for $199.71, for repairs to the building, a judgment of nonsuit; and in all other respects the judgment is affirmed. The defendants are to pay the costs of this appeal.